IN THE MATTER OF THE ESTATE OF MANUEL BRANCO, DECEASED.

No. 1705.

APPEAL FROM CIRCUIT JUDGE FOURTH CIRCUIT.
HON. H. L. ROSS, JUDGE.

SUBMITTED AUGUST 11, 1926.            DECIDED DECEMBER 20, 1926.

PERRY, C. J., BANKS AND PARSONS, JJ.

JUDGMENTS—*construction.*

> When a decree entered in a circuit court in obedience to a decree of the supreme court is susceptible of two constructions, that construction should be adopted which renders the decree of the lower court conformable to the decree of the appellate court.

OPINION OF THE COURT BY PERRY, C. J.

Manuel Branco died on June 28, 1921, leaving a will in which he named the Security Trust Company, Limited,

as executor. The will was admitted to probate on August 29, 1921, and the Security Trust Company was appointed executor. Letters testamentary were issued to the executor September 1, 1921, upon its filing an approved bond with the United States Fidelity & Guaranty Company as surety, conditioned upon the full performance by the executor of the duties of its office according to law. At the time of its appointment the Security Trust Company was indebted to the estate of Manuel Branco on four promissory notes, three being in the sum of $25,000 each, dated September 7, 1920, and payable to the testator on demand and one being in the sum of $7000, dated March 4, 1921, and payable one year after date. All of the notes bore interest, at different rates. The Security Trust Company did not pay to itself as executor, or at all, any of this indebtedness except interest on all of the notes to December 7, 1921. Subsequently steps were taken in the matter of this estate to compel the principal and the surety to pay the debt. A receiver of the Security Trust Company was appointed February 21, 1922. On July 7, 1923, the circuit judge rendered a decree surcharging the principal with the sum of $82,000 "together with interest thereon at the rate of six per cent (6%) per annum, from the 7th day of December, 1921, until paid" and requiring the surety, "in the event said The Security Trust Company, Ltd., as executor of the estate of Manuel Branco, deceased, fails to comply with and to carry out the provisions of this decree," to pay to the administrator *de bonis non*, who had been appointed successor to the Security Trust Company, executor, the same amount ordered by the decree to be paid by the principal. Upon appeal from that decree this court rendered an opinion (27 Haw. 655) concluding, on page 668, as follows: "The decree appealed from is reversed and the cause remanded with instructions to the trial

court to modify its decree limiting the liability of the surety to the amount of the indebtedness, both principal and interest, due from the Security Trust Company to the estate of Manuel Branco upon the date of the appointment of the Security Trust Company as executor and thereafter until the appointment of the receiver." A decree was entered in this court in the same language. Subsequently, on January 27, 1924, a modified decree and order was entered by the circuit judge reciting the earlier proceedings, including the original decree, and reciting also the concluding portion of our opinion above quoted and then ordering that the Security Trust Company be surcharged with the sum of $82,000 "together with interest thereon at the rate of six per cent (6%) per annum from the 7th day of December, 1921, until paid" and that "in the event said The Security Trust Company, Ltd., * * * fails to comply with and to carry out the decree, and to pay forthwith to the administrator de bonis non * * * the amount of the indebtedness, both principal and interest due from The Security Trust Company to the estate of Manuel Branco upon the date of the appointment of The Security Trust Company as executor, and thereafter, until the appointment of the receiver, the same being all amounts hereinabove ordered to be paid by The Security Trust Company, Ltd., executor as aforesaid, except the sum of $7,000.00, evidenced by the Gold Note of March 3, 1921, and interest thereon" the surety do pay to the administrator *de bonis non* "the said amount and interest, or so much thereof as the said executor fails to account for." From this modified order and decree an appeal was taken to this court but the appeal was subsequently discontinued.

The surety paid all of the principal required by the modified decree to be paid and the interest from December 7, 1921, the date up to which the Security Trust

Company had paid interest, to February 21, 1922, the date of the appointment of the receiver and also the interest from July 7, 1923, the date of the original decree of the circuit judge, to the date of the payment of the principal. It did not pay the interest accruing from February 21, 1922, to July 7, 1923. The amount of the interest accruing during the period last mentioned is agreed upon by the parties to be $6,289.18. Upon suitable proceedings being taken therefor, the circuit judge held the surety to be in contempt of court for not having paid the interest accruing from February 21, 1922, to July 7, 1923, and entered a decree to that effect. From the decree last mentioned the case again comes to this court, upon appeal of the surety.

The only question argued upon the appeal is whether the adjudication, in the latest decree, that the surety is liable for interest for the period elapsing between the date of the appointment of the receiver and the date of the original decree in the circuit court is correct. The terms and the meaning of the former decree of this court are clear, particularly in the light of the reasoning of the majority of the court, upon which that decree was based. The court was of the opinion that the liability of the surety was to be determined by the terms of the bond which it had signed and that that liability, as there expressed, was to be for the damages caused by the breach of duty on the part of the Security Trust Company as executor and that by the bond the surety had guaranteed the fidelity of the principal and not its financial ability. It said that the liability of the surety "resolves itself into the sole question of whether the Security Trust Company upon its appointment and thereafter until the appointment of the receiver was able to pay its indebtedness to the Branco estate when the same was or became due, and if so how much" (27 Haw.

663) and, upon a detailed consideration of the evidence, held that there was "sufficient to sustain a finding that the Security Trust Company at the time of its appointment and since and up to the time of the appointment of the receiver was able to fully pay *the principal of the notes then due* and *all interest then due.*" *Ib*. The final conclusion reached, that the decree appealed from must be modified so as to limit the liability of the surety to the amount of the indebtedness, both principal and interest, due from the Security Trust Company to the estate of Manuel Branco upon the date of the appointment of the Security Trust Company as executor *and thereafter until the appointment of the receiver,* was the result of the ruling that "the measure of the liability of a surety upon an executor's bond is the loss or damage suffered by the estate by reason of the failure of the executor to perform the duties imposed upon him by law" (*Ib*. 661) and of its finding that the executor "was able to fully pay the principal of the notes *then due* and all interest *then due.*" The court did not find that the executor was financially able to pay any more principal than that stated or that it was able to pay any more interest than that stated, hence the limitation named, as to interest as well as to principal, in the concluding paragraph of the opinion and in the decree based thereon. Under our decree, therefore, the obligation of the surety did not include the payment of any interest accruing between the date of the appointment of the receiver and the date of the original decree.

It is said, however, that the "modified order and decree" of the circuit judge requires of the surety more than this, that it is unappealed from and that it is therefore in force and *res judicata*. There is no doubt that it was the duty of the circuit judge, upon the entry of the order and decree and the remand of the cause to his

court, to enter a modified decree in conformity with our decree and not otherwise. The presumption is that the modified decree as entered was intended to comply with our decree and that it did so comply. Any ambiguity in its terms is to be resolved with that presumption in mind. The modified decree as entered is, perhaps, susceptible of the construction that the amount thereby required of the surety to be paid (in the event of non-payment by the principal) included interest from December 7, 1921, "until paid;" but it is also susceptible of the construction that not more was thereby required of the surety, in the way of payments of interest, than was required by our decree. The first part of the paragraph of the decree bearing upon this point (record p. 40, par. 2) is clearly in conformity with our decree. It provides that in the event the executor "fails to comply with * * * the decree and to pay * * * the amount of the indebtedness, both principal and interest, due * * * upon the date of the appointment of the Security Trust Company as executor, and thereafter until the appointment of the receiver" the surety shall pay. The ambiguity is caused by the introduction of the expression, "the same being all amounts hereinabove ordered to be paid by the Security Trust Company, Limited, executor, as aforesaid, except" a sum not now material. The amounts ordered earlier in the decree to be paid by the Trust Company included interest to date of payment. The inconsistency or ambiguity must be resolved, in the light of the fact that the modified decree recites the concluding paragraph of the opinion of this court and purports to follow and enforce the same, by an adoption of that construction which renders the modified decree consonant with the decree of this court.

The decree appealed from is reversed, the order of contempt is set aside and the surety is held to have fully

complied with the terms of the modified order and decree of the circuit judge entered in pursuance of the decree of this court.

*W. H. Smith* for the administrator *de bonis non.*

*Robertson & Castle* for the surety.